## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

| | | |
|---|---|---|
| **ARTHUR ALAN SHAVER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Civil Action No. 1:19-00637** |
| **v.** | ) | |
| | ) | |
| **C. MURUKA, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Petition Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Petition, the undersigned finds and respectfully recommends that Petitioner's Petition should be dismissed.

### FACT AND PROCEDURE

On September 5, 2019, Petitioner, acting *pro se*, filed his instant Section 2241 Petition.[1] (Document No. 1.) In his Petition, Petitioner challenges the validity of his sentence citing United States v. Davis, ___ U.S. ___, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019). (Id.) Petitioner argues that in light of Davis, his Section 924(c) conviction and sentence should be vacated. (Id.) Petitioner explains that he was convicted in the United States District Court for the Eastern District of Tennessee of one count of using a firearm during and in relation to a "crime of violence" in

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

violation of 18 U.S.C. § 924(c). (Id.) Petitioner states that the underlying "crime of violence" for

the Section 924(c) charge was a violation of 18 U.S.C. § 1951 (Hobbs Act robbery). (Id.) Citing

Davis, Petitioner argues that his Hobbs Act robbery conviction is not a "crime of violence" under

the "force clause" of Section 924(c)(3)(A). (Id.) Accordingly, Petitioner requests that this Court

determine his Section 924(c) conviction to be invalid and vacate his sentence.[2] (Id.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as

moot. Article III, Section 2 of the United States Constitution provides that federal Courts may

adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472,

477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina,

15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994).

This means that the "litigant must have suffered, or be threatened with, an actual injury traceable

to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of

a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon

the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial

---

[2] Petitioner argues that his Hobbs Act robbery conviction is not a "crime of violence" under the "force clause" of Section 924(c)(3)(A). The Fourth Circuit, however, specifically addressed this issue in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019). In Mathis, the Fourth Circuit determined "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." Id. Other Circuits, including the Circuit of Petitioner's conviction (Sixth Circuit), have determined that same. See Richmond v. Joyner, 2021 WL 4847508, * 1 (6th Cir. May 4, 2021); United States v. Jones, 919 F.3d 1064, 1072 (8th Cir. 2019); United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018), cert. denied, ___ U.S. ___, 139 S.Ct. 1208, 203 L.Ed.2d 232 (2019); United States v. Melgar-Cabrera, 892 F.3d 1053, 1060-66 (10th Cir. 2018), cert. denied, ___ U.S. ___, 139 S.Ct. 494, 202 L.Ed.2d 386 (2018); United States v. St. Hubert, 909 F.3d 335 (11th Cir. 2018); United States v. Hill, 890 F.3d 51 (2nd Cir. 2018), cert. denied, ___ U.S. ___, 139 S.Ct. 844, 202 L.Ed.2d 612 (2019); United States v. Anglin, 846 F.3d 954, 965 (7th Cir. 2017), cert. granted, judgment vacated on other grounds, ___ U.S. ___, 138 S.Ct. 126, 199 L.Ed.2d 1 (2017); In re St. Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016); United States v. Howard, 650 Fed.Appx. 466, 468 (9th Cir. 2016).

Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In

this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the

requested relief. Consequently, the Court can no longer consider Petitioner's Application under

Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction
> always satisfies the case-or-controversy requirement, because the incarceration (or
> the restriction imposed by the terms of the parole) constitutes a concrete injury,
> caused by the conviction and redressable by invalidation of the conviction. Once
> the convict's sentence has expired, however, some concrete and continuing injury
> other than the now-ended incarceration or parole - - some "collateral consequence"
> of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly,

Petitioner's claims are rendered moot by virtue of his release from custody[3] and the absence of

collateral consequences, and therefore, his Section 2241 Petition must be dismissed. See e.g.,

Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145

Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942

(N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court

confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED**

that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in

Federal Custody under 28 U.S.C. § 2241(Document No. 1) and **REMOVE** this matter from the

Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is

---

[3]  The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on
July 9, 2021.

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: March 8, 2022.

Omar J. Aboulhosn
United States Magistrate Judge

4